UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
SHANELL DEAN, individually and on behalf of all :
others similarly situated, :
: 25-CV-01051 (JAV)
: 
Plaintiff, :
:
-v- :
:
NEW YORK BLOOD CENTER, INC., :
:
Defendant. :
:
-------------------------------------------------------------------X
:
JACKIE DE LEON-WALLIN, individually and on :
behalf of all others similarly situated, :
:
Plaintiff, : 25-CV-01095 (JAV)
:
-v- :
:
NEW YORK BLOOD CENTER, INC., et al., :
:
Defendants. :
:
-------------------------------------------------------------------X
:
ALLISON STORCHEVOY, individually and on :
behalf of all others similarly situated, :
:
: 25-CV-01322 (JAV)
Plaintiff, :
:
-v- :
:
NEW YORK BLOOD CENTER, INC., :
:
Defendant. :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

    The above-captioned class actions each arise from an alleged data breach that occurred

on January 26, 2025, resulting in the loss of personally identifying information of current and former patients of Defendants. These class actions have been deemed related.

The three plaintiff groups have filed a motion seeking to (1) consolidate the above-captioned actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure under the title *Dean v. New York Blood Center, Inc.*, No. 1:25-cv-01051 and (2) appoint Andrew J. Shamis of Shamis & Gentile, P.A. ("Shamis & Gentile"), Raina Borrelli of Strauss Borrelli PLLC ("Strauss Borrelli") and Mariya Weekes of Milberg Coleman Bryson Phillips Grossman PLLC ("Milberg") as Interim Co-Lead Class Counsel, pursuant to Rule 23(g)(3). Defendants do not oppose the motion.

The Court, having read the papers and for good cause shown, exercises its discretion pursuant to Federal Rule of Civil Procedure 42(a)(2) to consolidate these actions. The Court finds that the actions involve common questions of fact and law; that judicial efficiency and the interest in avoiding inconsistent rulings across actions warrant consolidation; and that no party or putative class member will be prejudiced by consolidation. Consolidation is therefore appropriate. IT IS ORDERED that the Motion is GRANTED.

The Clerk of Court is DIRECTED to administratively close *De Leon-Wallin v. New York Blood Center, Inc., et al.*, No. 1:25-cv-01095, and *Storchevoy v. New York Blood Center, Inc.*, No. 1:25-cv-01322.

The above-captioned cases are hereby consolidated under the new title: "Dean v. New York Blood Center, Inc.," pursuant to Fed. R. Civ. P. 42(a) (the "Consolidated Action").

Every pleading in this action, and any related action that is consolidated with this action, shall be filed under the lead case number 25-cv-01051, and shall bear the following caption:

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X
:
SHANELL DEAN, individually and on behalf of all :
others similarly situated, :
: 25-CV-01051 (JAV)
                         Plaintiff, :
: ORDER GRANTING
: MOTION TO
         -v- : CONSOLIDATE CASES
: AND APPOINT INTERIM
NEW YORK BLOOD CENTER, INC., et al., : LEAD COUNSEL
:
                         Defendants. :
:
---------------------------------------------------------------------X

Pursuant to Fed. R. Civ. P. 23(g), the Court hereby appoints Andrew J. Shamis of Shamis & Gentile, P.A. ("Shamis & Gentile"), Raina Borrelli of Strauss Borrelli PLLC ("Strauss Borrelli") and Mariya Weekes of Milberg Coleman Bryson Phillips Grossman PLLC ("Milberg") as Interim Co-Lead Class Counsel to act on behalf of the Plaintiffs and the class members in the Consolidated Action, with the responsibilities set forth below:

- Coordinate the initiation and conduct of discovery on behalf of all plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this Court;

- Establish and maintain a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel, and make such papers available to plaintiffs' counsel upon reasonable request;

3

- Designate counsel to schedule depositions, set agendas and otherwise interact with defense counsel, various plaintiffs' counsel, and the settlement master (if one is appointed);

- Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

- Conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

- Delegate specific tasks to other counsel in a matter to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

- Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

- Prepare and distribute periodic status reports to the parties;

- Maintain adequate time and disbursement records covering service of designated counsel and enforce guidelines approved by the Court as to the keeping of time records and expenses;

- Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

- Perform such other duties as may be incidental to proper coordination of the plaintiffs' pretrial activities or authorized by further order of the Court; and

- Submit, if appropriate, suggestions for establishing additional committees and counsel for designation by the Court.

    Plaintiffs in the Consolidated Action shall file an operative Consolidated Class Action Complaint within twenty-eight (28) days of this Order. Defendant need not respond to any of the initial complaints filed in the Related Actions. Defendant will have twenty-eight (28) days from the date of the filing of the Consolidated Amended Complaint to answer or otherwise respond. If a motion to dismiss is filed, Plaintiffs will have twenty-eight (28) days to file a response thereto.

    The Clerk of Court is DIRECTED to (i) administratively close *De Leon-Wallin v. New York Blood Center, Inc.*, et al., No. 1:25-cv-01095, and *Storchevoy v. New York Blood Center, Inc.*, No. 1:25-cv-01322, upon the filing of this Order in those actions; and (ii) terminate ECF No. 10 in this action. All papers previously filed and served to date in the above-captioned actions are deemed part of the record in the Consolidated Action.

    SO ORDERED.

Dated: March 25, 2025  
       New York, New York

_____  
JEANNETTE A. VARGAS  
United States District Judge